# JONES DAY

250 VESEY STREET NEW YORK, NEW YORK 10281

TELEPHONE: +1.212.326.3939 • JONESDAY.COM

Direct Number: +1.212.326.8338
mwlampe@jonesday.com

November 13, 2025

The Honorable Philip M. Halpern
U.S. District Court for the Southern District of New York
300 Quarropas Street, Room 530
White Plains, New York 10601

Re:  *Blanchard v. Kyndryl Holdings, Inc.*, Case No. 7:25-cv-02971-PMH

Dear Judge Halpern:

Non-Party International Business Machines Corporation ("<u>IBM</u>") and Plaintiff Randall Blanchard request a pre-motion conference related to IBM's objections to or, alternatively, motion to quash Blanchard's request that the Court direct production in this matter of 165 documents identified in Blanchard's November 3, 2025 correspondence (Dkt. 21), each produced by IBM in the separate matter of *Nolan, et al. v. IBM*, Case No. 7:24-cv-04653-PMH ("<u>Nolan</u> Matter"), and designated as "Confidential" pursuant to the Protective Order entered in that case.[1]

**<u>IBM's Objection and Motion to Quash</u>**[2]: IBM objects to production of IBM's 165 documents because they are irrelevant to Blanchard's claims and because all but two are outside the scope of discovery set by this Court during the October 30, 2025 Conference (and those two are publicly available). A party "may not obtain documents, communications, or other discovery from [a third-party] that this Court has already deemed irrelevant to [Plaintiff's] claims," *Virtu Fin. Inc.*

---

[1] Counsel for Blanchard (Attorney Coughlin) and for [IBM met by] videoconference on November 10, 2025 for 40 minutes [to meet and confer on this dispute]. Counsel were unable to resolve that dispute, necessitating [this letter].

[2] Contrary to the Notice filed in the *Nolan* matter (Dkt. 6[…]), [the documents at issue are not in IBM's possession but] instead are in his counsel's possession because of her representation [in the Nolan Matter]. *[In re Terrorist Attacks] on September 11, 2001*, 293 F.R.D. 539, 547 (S.D.N.Y. […]) ("[D]ocuments are not deemed to be within the control of another merely because both clients have retained the same counsel […]"). Thus Plaintiff would generally have to subpoena these documents from IBM [… under Fed. R. Civ. P. 45 …], and therefore Fed. R. Civ. P. 45 should guide the Court['s analysis].

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • […]
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG K[ONG] • […]
MELBOURNE • MEXICO CITY • MIAMI • MILAN • MINNEAP[OLIS] • […]
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILIC[ON VALLEY] • […]

---

> Application granted. A conference has been scheduled for November 25, 2025 at 11:30 a.m. to be held in Courtroom 520 of the White Plains courthouse. Plaintiff is directed to notify counsel for IBM of the conference date and time. The unopposed motion to seal exhibits is granted (Doc. 24). The Clerk of Court is respectfully requested to terminate the pending letter-motions (Doc. 23, Doc. 24).
>
> SO ORDERED.
>
> _/s/ Philip M. Halpern_
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>        November 17, 2025

Page 2

*v. AXIS Ins. Co.*, No. 20CV6293GBDKHP, 2021 WL 4894592, at *1 (S.D.N.Y. Sept. 20, 2021).

By way of background, this Court held a conference on October 30, 2025. Kyndryl stated during that conference that Blanchard's counsel—who also represents Plaintiffs in the *Nolan* Matter—"referenced" certain "documents in her possession" that "she thinks are pertinent" and "intends to use." Tr. 34:8-12. Though Kyndryl disagreed as to relevance, it requested those documents from Blanchard "if they're going to use them." *Id*. Blanchard responded that he could not disclose those documents because they are designated as "Confidential" pursuant to the *Nolan* Protective Order. Tr. 35:3-11. The Court then directed Blanchard to "make an application" to "permit the production" of those documents to Kyndryl. *Id*. Blanchard made that application on November 3, 2025, identifying by number (but not describing) 165 documents he proposed to produce. (Dkt. 21.) The Court granted Blanchard's application the next day, subject to its instruction to give IBM 10 days' notice of that production pursuant to the *Nolan* Protective Order, which authorizes IBM to oppose production. (Dkt. 22.) Blanchard provided notice that day.

The Court should sustain IBM's objection to Blanchard's production (or quash his request) because aside from two documents, they all fall outside the Court-ordered scope of discovery and are irrelevant to Blanchard's claims. In considering whether to allow third-party discovery, courts in the Second Circuit assess whether the materials sought are relevant to the claims at issue. *See, e.g., Barkai v. Neuendorf*, No. 21 CIV. 4060 (KMK) (JCM), 2024 WL 3236825, at *3 (S.D.N.Y. June 26, 2024). In particular, courts have held that "a Rule 45 subpoena—like all discovery—must fit within the scope of discovery permitted in a civil case." *Id.* The Court minced no words in setting the scope of discovery here as "the period 2021 from the moment Kyndryl came into existence," which Blanchard concedes is November 2021, "until the end of December 2023." Tr. 7:4-6, 9:16;

Page 3

see also id. 4:3-4 ("time prior to the existence" of Kyndryl is "overbroad"), 24:8-9 ("not even going to entertain" requests "for documents from GTS from 2018 to '21"). Nor did the Court mince words when it stated that Blanchard's claims have "nothing to do with some other company[.]" Tr. 5:7-8.

Applying these standards, nearly all of the 165 IBM documents are outside the scope of discovery, and the vast majority of them are between eight and twelve years old. Of the total, 103 are from 2013 to 2017; 55 are from 2018 to November 2021; and only seven even post-date the November 2021 formation of Kyndryl. Of those seven, five are transcripts of depositions taken after November 2021 but in a lawsuit filed against IBM in 2020 and relating to employees' terminations from IBM (not Kyndryl) between 2018 and 2020. These deposition transcripts plainly relate to "some other company," which the Court has found is not relevant to Blanchard's claims. Tr. 5:7-8. The remaining two (IBMN_0001133 and IBMN_0001141) post-date November 2021 but are publicly available online and thus already accessible to all parties. Therefore, IBM requests that the Court sustain IBM's objection and deny Blanchard's request to produce the IBM documents.[3][4]

**<u>Blanchard's Position as to IBM's Objection and Motion to Quash</u>**: IBM has reappeared in Randy Blanchard's lawsuit—now as a non-party—to object to this Court's oral Order issued on October 30, 2025. Specifically, this Court ruled that it would "permit [Plaintiff's] production of these [IBM] documents. Produce them to [Kyndryl]….That's my order."[5] The bones of IBM's objection are two-fold. **First**, IBM claims as a technical matter that Randy Blanchard cannot produce these

---

[3] One of the documents Blanchard cites in his Exhibit 2 was produced by Kyndryl in this *Blanchard* Matter (Ex. 2-4) and two are public news releases (Exs. 2-1 and 2-3), neither of which are part of the 165 IBM documents Blanchard seeks to share with Kyndryl.

[4] IBM objects to Blanchard's attempt to prematurely file these documents under seal in this matter, which would be prohibited by Paragraph 14 of the Court's Protective Order in the *Nolan* Matter. IBM proposed an alternative that Blanchard seek permission to submit the documents *in camera*, but Blanchard rejected that proposal.

[5] **Pl.'s Ex. 1**, *Oct. 30 Transcript*, **pg. 35**.

Page 4

documents because they are not in <u>his</u> possession. Instead, they are in his <u>counsel's</u> possession *vis-a-vis* the litigation against IBM that this Court severed off into a separate lawsuit.[6] **Second**, IBM asserts that these documents are not relevant to Blanchard's lawsuit against Kyndryl, and this Court should issue a prophylactic order protecting IBM from a subpoena. IBM asserts that "therefore, Fed. R. Civ. P. 45 should guide the Court's assessment of IBM's objection."[7] Plaintiff agrees that the Rule 45 standard is the true controversy that bids this Court's attention—but this Court should instead take this opportunity to overrule IBM's objections to subpoenaing these documents and re-affirm its October 30, 2025 order to produce these documents in this case.[8]

Under Rule 45, the party issuing a subpoena "bears the initial burden of proving that the information…sought [is] relevant and proportional to the needs of the case."[9] "The movant [for the protective order] [then] bears the ultimate burden of demonstrating an undue burden."[10] "[O]nly the recipient of a subpoena may move to quash on grounds of relevancy and undue burden."[11]

Here, IBM has not and cannot make an argument that it would face any undue burden to gather and produce these documents—namely because literally *no action* would be required on its part to comply. IBM's entire motion is therefore hinged on its assertion that these documents are irrelevant. But that argument is untethered from reality under long-established Second Circuit caselaw. In *Hollander v. Am. Cyanamid Co.*, the Second Circuit held that **"[e]vidence relating to**

---

[6] *See In re Terrorist Attacks on September 11, 2001*, 293 F.R.D. 539, 547 (S.D.N.Y. 2013).
[7] *See supra* at n.2.
[8] **Pl.'s Ex. 1**, *Oct. 30 Transcript*, **pg. 11** (this Court previously referenced Plaintiff's ability to subpoena documents from IBM approvingly, noting "[t]hat's how the war starts and finishes with subpoenas. You can do anything you want until I get an objection or a motion to quash.").
[9] *Girard St. Inv. Holdings LLC v. Petroleos De Venezuela, S.A.*, No. 23 Civ. 10772, 2024 WL 4837277, at *1 (S.D.N.Y. Nov. 20, 2024).
[10] *Batanjany et. al v. Clear Street Management LLC et. al*, No. 25 CIV. 8420, 2025 WL 3157797, at *1 (S.D.N.Y. Nov. 12, 2025).
[11] *Gilead Scis. Inc. v. Khaim*, 755 F. Supp. 3d 285, 293 (E.D.N.Y. 2024).

JONES DAY

Page 5

**company-wide practices may reveal patterns of discrimination** against a group of employees, increasing the likelihood that an employer's offered explanation for an employment decision regarding a particular individual masks a discriminatory motive."[12] As shown in Plaintiff's 2nd Amended Complaint, Plaintiff has alleged a company-wide pattern and practice of age discrimination that IBM imparted to Kyndryl while it was still an internal IBM company called "NewCo."[13] These documents specifically support those pattern and practice allegations,[14] as the attached Exhibit 2 demonstrative (filed under seal) sets forth more fully.[15] Thus, these documents are acutely relevant to this case.

Finally, IBM's assertion that this Court has already ruled against Plaintiff on relevance grounds is wrongly premised on an unnecessarily narrow reading of this Court's statements on October 30, 2025. To the contrary, this Court held that it was open to a broader scope of discovery to accommodate Plaintiff's theory of his case, but that "[y]ou're going to have to add some flesh to this bone for me to accept the notion that more needs to be produced."[16] Plaintiff asserts that the information within sealed Exhibit 2 does provide the Court more than enough "Flesh" on this topic. Therefore, this Court should deny IBM's objection and reaffirm its prior October 30, 2025 order to produce these documents in this case.[17]

---

[12] *Hollander v. Am. Cyanamid Co.*, 895 F.2d 80, 84 (2d Cir. 1990); *see also Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 567 (S.D.N.Y. 2013) ("Evidence of company-wide patterns of discrimination may reveal discrimination against a particular group of employees and thus be relevant.") (cleaned up).
[13] Pl.'s 2nd Am. Compl., ¶¶ 3 – 26.
[14] *See Hollander*, 895 F.2d at 84 ("Because employers rarely leave a paper trail—or 'smoking gun'—attesting to a discriminatory intent, disparate treatment plaintiffs often must build their cases from pieces of circumstantial evidence which cumulatively undercut the credibility of the various explanations offered by the employer.").
[15] *See* **Pl.'s Ex. 2**, Sealed Demonstrative, pgs. 1 – 23. Plaintiff's Exhibit 2 contains excerpts of a small sampling of the requested documents. Exhibits 2-1 through 2-19 are full copies of those small sample of documents. All of these documents are filed under seal, but Plaintiff is prepared to offer all 165 documents for an in-camera review, should the Court be so inclined.
[16] **Pl.'s Ex. 1**, *Oct. 30 Transcript*, **pgs. 35 – 36**.
[17] *Gilead Sciences, Inc*, 755 F. Supp. 3d at 294 (noting that the Court has inherent authority to resolve a dispute about the relevance of discovery).

JONES DAY

Page 6

    Respectfully submitted,

    */s/ Matthew W. Lampe*
    Matthew W. Lampe

    */s/ Heidi A. Coughlin*
    Heidi A. Coughlin