UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RANDALL BLANCHARD,

Plaintiff,

-against-

KYNDRYL HOLDINGS INC.,

Defendant.

**ORDER**

25-CV-02971 (PMH)

PHILIP M. HALPERN, United States District Judge:

On July 8, 2026, the Court held a pre-motion conference concerning Defendant's anticipated motion for summary judgment, and heard from the parties on Defendant's objection to Plaintiff's reliance on the declaration of Denise Gorden in his responses to Defendant's Rule 56.1 Statement. The Court permitted Defendant to file a letter regarding the Gorden declaration and permitted Plaintiff to file a response thereto. After the parties filed their letters (Doc. 47, Doc. 50), the Court permitted Defendant to file reply. (Doc. 52).

Defendant requests the Court strike the Gorden declaration and preclude this testimony on the grounds that Plaintiff did not disclose Gorden as a person with relevant information on the claims in this case at any time during discovery. Federal Rule of Civil Procedure 26(a)(1)(A) requires a party to disclose the names of "each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses . . . ." Rule 26(e) requires parties to supplement their disclosures when they become aware of additional witnesses. And Rule 37(c)(1) provides, in relevant part: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." The rule applies to motions for summary judgment. *Fleming v. Verizon New York, Inc.*, No. 03-CV-05639,

2006 WL 2709766, at *7 (S.D.N.Y. Sept. 22, 2006). "Its purpose is to prevent the practice of 'sandbagging' an opposing party with new evidence." *Id.*

Plaintiff argues that Defendant already knew of Gorden and the relevant information was otherwise made known during discovery, such that no supplemental disclosure was required. (Doc. 50). Specifically, he contends that Gorden was Defendant's employee and Defendant produced at least 52 documents during discovery featuring Gorden, marking one of them as an exhibit during Plaintiff's deposition. (*Id.*). The references to Gorden in those documents and at Plaintiff's deposition, however, did not contain any substantive information that would put Defendant on notice that Gorden had relevant information on the merits of Plaintiff's claims. As Defendant points out, 32 of the documents are PowerPoints or drafts thereof that contain organization charts in which Gorden's name is merely listed on one slide; other documents include duplicate email strings listing Gorden's name in relation to new manager assignments in 2022, listing a different manager than Plaintiff; and three Teams chats, one of which was between her and Plaintiff about retirement. (Doc. 52). Defendant points out that the Teams chat marked at Plaintiff's deposition concerned retirement and neither Plaintiff nor the documents themselves suggested that Gorden had any knowledge of Plaintiff's claims, that she was involved in any decision-making relating to his claims, or the termination of his employment. (*Id.*). Unlike the authority cited in Plaintiff's opposition letter, Plaintiff had a duty to disclose a witness upon which he would seek to rely in support of his claims, where the import and potential significance of the witness's relevant knowledge and information was not made known in discovery. *See, e.g., White v. City of Middletown*, 45 F. Supp. 3d 195, 209 (D. Conn. 2014) (defendant knew of the witnesses *and* the information they possessed; the undisclosed individuals were specifically interviewed by defendant in connection with plaintiff's underlying claims). It is also relevant to note that

Plaintiff's initial disclosure listed over 90 (later modified to 82) names of individuals with knowledge of the facts here; Gorden was not among the names listed. (Doc. 47-1 at 1-20).

The Court finds unpersuasive Plaintiff's argument that the Gorden declaration is merely rebuttal evidence. Plaintiff's citation to this declaration in opposition to facts in the Rule 56.1 Statement make clear that Plaintiff is relying on the declaration to oppose facts based upon deposition testimony elicited during the course of discovery in this action; not to new or surprise facts of which Plaintiff was unaware before service of the Rule 56.1 Statement. (*See, e.g.,* Doc. 42-1 ¶¶ 10-15, 22, 27, 29, 30, 31, 33). Plaintiff also cites to the Gorden declaration in support of his own counterstatement of facts. (*Id.* ¶¶ 53, 75). As stated in the Advisory Committee Notes to Rule 26(a)(1), "[t]he disclosure obligation applies to 'claims and defenses,' and therefore requires a party to disclose information it may use to support its denial or rebuttal of the allegations, claim, or defense of another party." Plaintiff has not established that the failure to disclose was substantially justified or is harmless. Accordingly, Plaintiff is precluded from relying upon the Gorden declaration on the motion for summary judgment.

Because, as Plaintiff points out, only one of Plaintiff's Rule 56.1 responses cites Gorden's declaration alone (Doc. 42-1 ¶ 10), and each of the other citations is accompanied by other evidentiary citations, striking the declaration would not impose an undue prejudice on Plaintiff. The Court declines Defendant's invitation to deem admitted any fact upon which Plaintiff cited solely to the Gorden declaration. Rather, Plaintiff shall have until August 14, 2026 to revise his response to the Rule 56.1 Statement which refers to the Gorden declaration exclusively (Doc. 42-1 ¶ 10): Plaintiff shall add citation to other evidence to support it or, if there is no such evidence, admit the fact as applicable. As to the remaining Rule 56.1 Statement responses (Doc. 42-1 ¶¶ 11-15, 22, 27, 29, 30, 31, 33), Plaintiff shall remove any reference to the Gorden declaration. Plaintiff

shall also remove reference to the Gorden declaration in his counterstatement of facts (Doc. 42-1 ¶¶ 53, 75). Plaintiff shall not make any other changes to the Rule 56.1 Statement.

Because Defendant has now received notice that Gorden is a relevant witness, she may ultimately be permitted to testify at trial should Plaintiff's claims survive this motion. *See Fleming*, 2006 WL 2709766, at *9, n.4. The Court has offered Defendant the opportunity to depose Gorden to eliminate any prejudice in connection with this motion practice, which Defendant declined. (*See* Doc. 47 at 4 ("requiring a continuance at this stage to allow Defendant to depose Ms. Gorden would be inefficient . . . and would prejudice Defendant in that it would take time and resources away from Defendant's preparation of its motion for summary judgment.")). Should Plaintiff's claims (or any of them) survive summary judgment, then Plaintiff will notify Defendant within ten days after the Court's decision on the motion whether he may call Gorden as a witness at trial. If so, Defendant shall have the opportunity to discovery of Gorden in advance of trial. If Plaintiff fails to timely notify Defendant of his intent to call Gorden at trial, for any reason, Gorden shall be precluded from testifying at trial.

**SO ORDERED.**

Dated: White Plains, New York
August 5, 2026

PHILIP M. HALPERN
United States District Judge